WATSON, Judge.
Elsie Carter, plaintiff, sued Dr. R. Bruce Phillips, an oral surgeon of Alexandria, and his malpractice insurer, St. Paul Fire & Marine Insurance Company, for damages alleged to have resulted from an operation performed by the dentist on plaintiff in March, 1972. From a jury verdict in favor of Elsie Carter in the amount of $35,000, Dr. Phillips and his insurer have appealed. The principal issues are: (1) whether there is manifest error in the jury’s finding of legal fault on the part of Dr. Phillips; and (2) whether the amount awarded is excessive or inadequate.
Miss Carter was referred by her regular dentist, a Dr. Bailey, to Dr. Phillips because of a pronounced underbite: her lower jaw protruded and she had difficulty in chewing, which caused food digestion problems. Apparently, there were also cosmetic considerations in the desire to correct the protruding jaw or what is described in medical terms as a “mandibular prognathism.” (See TR. 126) On the first consultation with Dr. Phillips, Miss Carter’s mother went with her and on her next visit both of her parents consulted with Dr. Phillips. In fact, the mother took a list of questions concerning the operation and post-surgical care for discussion.
Following the second visit, an arrangement was made for plaintiff to enter the hospital and Dr. Phillips performed a “vertical osteotomy”. Essentially, the operation consists of cutting the bone of the jaw on each side and repositioning the lower jaw to align it as ideally as possible with the upper jaw. The operation was performed under general anesthesia and in this instance required approximately six hours for completion.
Following the operation, plaintiff remained in the hospital for a short period of *49 time with her jaw secured by wires and rubber bands. Soon after the surgical procedure, she began to notice numbness or loss of sensation in the lower lip on the right side, the chin on the right, and the lower gums on the right, as well as both a loss of feeling and a loss of taste in the right side of her tongue. Dr. Phillips informed her that this was a temporary condition, but, unfortunately, his optimism was not well-founded.
According to plaintiff’s experts, Dr. Jack N. Alpert, a Houston neurologist, and Dr. John C. Hardin, Jr., a surgeon specializing in plastic, oral and maxillofacial surgery in Shreveport, Miss Carter is suffering from a permanent condition of numbness, as well as a loss of taste on the right side of the tongue. In medical terms, according to Dr. Hardin, the plaintiff has “anesthesia or loss of sensation of the right inferior alveolar nerve and the right lingual nerve with chor-da tympani involvement secondary to surgery for a mandibular prognathism.” (TR. 126)
Both of the experts who testified for plaintiff and Dr. Bernard Clyde Hollier, an Alexandria oral surgeon, who testified for defendants, agreed that the numbness and loss of taste probably resulted from Dr. Phillips’ surgery, which damaged the nerves in or close to the bone which was severed in the operation, the damage to the nerves being either from cutting or from a squeezing by the wire used to secure the jaw after the operation. The experts also agreed.that in their experience (Dr. Hardin said he had performed the operation perhaps 120 times and Dr. Hollier about 40 times) they had never had a result involving permanent numbness. This consequence was described by Dr. Hardin as “very rare” (TR. 145) and Dr. Hollier said that it is, according to authorities in the field, a recognized risk but it has never happened to him or in Alexandria to his knowledge.
In view of the expert testimony, the decisive issue is whether the jury could have reasonably inferred negligence on the part of the oral surgeon because of the nerve damage which occurred during the operation on plaintiff’s jaw.
This court as well as the First Circuit has considered similar cases.
In Gage v. St. Paul Fire & Marine Insurance Company, 282 So.2d 147 (La.App. 3 Cir. 1973) writ refused 284 So.2d 602, an orthopedic surgeon severed the radial nerve of the arm while attempting to secure proper union of a fractured right humerus. The evidence was similar to that in the present case: the expert witnesses testified that there is always a risk of damaging the radial nerve in this surgery but none of them had ever done so. They all agreed that the severance of the nerve was inadvertent: some but not all said it was unavoidable.
In the present case, the testimony is that damage to the nerves in the jaw is a recognized risk although it had never resulted from the surgery of the experts who testified.
In Percle v. St. Paul Fire & Marine Ins. Co., 349 So.2d 1289 (La.App. 1 Cir. 1977), writs denied, 350 So.2d 1218 (1977), the oral surgery, involved the removal of a mass from the plaintiff’s left cheek. Although the mass did not involve the parotid duct (which was located very close to the mass), severance and removal of a portion of the duct occurred, and this was an unexpected and untoward result. The Court of Appeal reversed the trial judge, concluding that the oral surgeon was negligent.
The record here leads to the same conclusion reached by this court in Gage :
“Although the issue is close,' we cannot say there was insufficient evidence for the jury in its discretion to find as a fact that [the oral surgeon] did not exercise the degree of skill ordinarily employed, under similar circumstances, by members of his professional specialty in good standing in the community.” 382 So.2d 150.[1]
*50 There is no manifest error in the jury’s conclusion that Dr. Phillips was negligent.
The next issue is whether the jury award of $35,000 is excessive or inadequate. The defendants contend, of course, that the amount is inadequate and plaintiff has answered the appeal asking for an increase.
The jury saw and heard the plaintiff as well as the other witnesses. It is established that Miss Carter has permanent numbness or loss of sensation of the lower lip which results in a marked lessening of sensation in that area. She also has a loss of feeling in the gum and chin on the right side and she does not have feeling or taste in the tongue on the right side. Such damages are difficult to evaluate. There is not a clear abuse of discretion by the jury and the award is therefore affirmed. Coco v. Winston Industries, Inc., 341 So.2d 332 (La., 1977).
For the reasons assigned, the judgment of the trial court is affirmed. Costs of appeal are taxed against defendants.
AFFIRMED.

. The “locality rule” no longer applies in determining fault on the part of a medical specialist, but that point is not at issue here. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La., 1978).